**Marc A. Trachtman, Esq. [SBN 167820]**
**Sandra E. Lillard, Esq.[SBN 299589]**
slillard@trachtmanlaw.com
**TRACHTMAN & TRACHTMAN, LLP**
**23046 Avenida De La Carlota, Suite 300**
**Laguna Hills, CA  92653**
Telephone:  (949) 282-0100
Facsimile:  (949) 282-0111
mtrachtman@trachtmanlaw.com

Attorneys for Defendant Marriott International, Inc.,
and RHP Property NH, LLC

# UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHRISS STREET and VICTORIA STREET,<br><br>         Plaintiff,<br><br>    vs.<br><br>MARRIOTT INTERNATIONAL, INC.; RHP PROPERTY NH, LLC dba GAYLORD NATIONAL RESORT & CONVENTION CENTER; and DOES 1 to 25,<br><br>         Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C §1441(b) (DIVERSITY)** |

**TO THE UNITED STATED DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION:**

Defendants Marriott International, Inc. and RHP Property NH, LLC, notice the removal of this action to the United States District Court, and, in support thereof, state:

-1-
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

1. On March 2, 2018, Plaintiffs Chriss Street and Victoria Street filed an action in the Superior Court of the State of California, in and for the County of Orange (Case No. 30-2018-00977144-CU-PO-CJC) entitled "Chriss Street and Victoria Street v. Marriot International, Inc.; RHP Property NH, LLC dba Gaylord National Resort and Convention Center; and Does 1-25."

2. Service of the Summons and Complaint upon Marriott International Inc. (hereinafter "Marriott") was made by personal service on May 14, 2018.

3. Service of the Summons and Complaint upon RHP Property NH, LLC ("RHP") was made by personal service on May 15, 2018.

4. No further proceedings have occurred in the matter now pending before the Orange County Superior Court.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy involves citizens of different states.

6. For purposes of removal, venue is proper in this District under 28 U.S.C. §1441(a)(1) because the state court where the suit is pending is located in this district.

7. Removal is proper under 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a) on the basis of diversity of citizenship of the parties.

8. Plaintiff Chriss Street is a citizen and resident of the State of California.

9. Plaintiff Victoria Street is a citizen and resident of the State of California.

10. Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business in the State of Maryland.

11. Defendant Marriott has operations throughout the United States and does not perform a substantial predominance of operations in any single state. Marriott performs the vast majority of its executive and administrative functions at

its corporate headquarters located in Maryland, where its executives have their offices and direct, control, and coordinate Marriott's operations, including its California operations. Under the "nerve center" test, Marriott's principal place of business is in Maryland. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)("We concluded that the phrase 'principal place of business' refers to the place where the corporations' high level officers direct, control, and coordinate the corporation's activities.")

12.  Defendant RHP Property NH, LLC, is a Maryland limited liability company.

13.  RHP Hotels, LLC, a Delaware limited liability company, is the sole member of RHP Property NH, LLC.

14.  RHP Hotel Properties, LP, a Delaware limited partnership, is the sole member of RHP Hotels, LLC.

15.  RHP Partner, LLC, a Delaware limited liability company is the sole limited partner of RHP Hotel Properties, LP.

16.  Ryman Hospitality Properties, Inc. is the sole general partner of RHP Hotel Properties, LP and is the sole member of RHP Partner, LLC.

17.  Ryman Hospitality Properties, Inc. is a Delaware corporation with its principal place of business in Tennessee.

18.  Ryman Hospitality Properties, Inc. performs the vast majority of its executive and administrative functions at its corporate headquarters located in Tennessee, where its executives have their offices and direct, control, and coordinate Ryman Hospitality Properties, Inc. operations. Under the "nerve center" test, Ryman Hospitality Properties, Inc's. principal place of business is in Tennessee. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

19.  There is now, and there was at time of the commencement of this action, complete diversity between Plaintiff and Defendants.

///

20. Pursuant to 28 U.S.C. § 1332(a)(1), the district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between citizens of different states.

21. The amount in controversy in this case exceeds $75,000 as evidenced by the Declaration of Paul Preston attached to the Complaint attesting to Plaintiff's alleged lost employment opportunity and its value that exceeds $75,000.

22. Pursuant to 28 U.S.C. § 1441, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the United States for the district and division embracing the place where such action is pending.  This Notice of Removal demonstrates that this action is properly removable pursuant to federal law.

23. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. §1332 in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs.  Pursuant to 28 U.S.C. § 1441, Defendants Marriott International Inc. and RHP Property NH, LLC are therefore entitled to remove this action to this Court.

24. Thirty days have not elapsed since Defendant Marriott International, Inc. was served with the Summons and Complaint in this action.

25. Thirty days have not elapsed since Defendant RHP Property NH, LLC was served with the Summons and Complaint in this action.

26. A copy of the Summons is attached hereto as **EXHIBIT "A"**. A copy of the Complaint including the Declaration of Paul Preston, is attached hereto as **EXHIBIT "B**

27. '. A copy of the Civil Case Cover Sheet filed by Plaintiff is attached hereto as **EXHIBIT "C"**.  A copy of the Proofs of Service for Defendants

Marriott, International, Inc. and RHP Property, LLC is attached as **EXHIBIT "D"**. Exhibits A - D comprise all of the papers and pleadings filed in the state court.

28. The Declaration of Scott J. Lynn, Senior Vice President and General Manager of Ryman Hospitality Properties, Inc. is attached hereto as **EXHIBIT "E"**

29. A true and correct copy of this Notice of Removal will be filed immediately with the Clerk of Orange County Superior Court.

30. DOES 1-25 are named and sued factiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

Based on the foregoing, Defendants Marriott International, Inc. and RHP Property, LLC remove the above action, now pending the Superior Court for the County of Orange as Case No. 30-2018-00977144-CU-PO-CJC, to this Court.

DATED: June 12, 2018          **TRACHTMAN & TRACHTMAN, LLP**

By: _____/s/ Marc A. Trachtman_____
Marc A. Trachtman
Sandra E. Lillard
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA  92653
Email:  mtrachtman@trachtmanlaw.com
Email:  slillard@trachtmanlaw.com
Telephone:  (949) 282-0100
Facsimile:  (949) 282-0111
Attorneys for Defendant Marriott International, Inc. and RHP Property, LLC

**PROOF OF SERVICE**
*Street vs. Marriott International, Inc. et al,*
*Case No. 30-2018-00977144-CU-PO-CJC*

**STATE OF CALIFORNIA  )**
                       **)     ss.**
**COUNTY OF ORANGE    )**

I, David S. Doorbar, declare:

I am a citizen of the United States and employed in Laguna Hills, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 23046 Avenida De La Carlota, Suite 300, Laguna Hills, CA 92653.

On June 12, 2018, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C §1441(b) (DIVERSITY) AND CIVIL COVER SHEET**

[X]     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Laguna Hills, California addressed as set forth below.

Thomas R. O'Connor, Esq.
Robert W. Thompson, Esq.
Callahan, Thompson, Sherman
& Caudill, LLP
2601 Main Street, Suite 800
Irvine, CA 92614
T: (949) 261-2872
F: (949) 261-6060
**Attorneys for Plaintiffs Chriss Street and Victoria Street**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after date of deposit for mailing identified in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2018, at Laguna Hills, California.

_____/s/ David S. Doorbar_____
David S. Doorbar, Declarant

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**